

WRITER'S ADDRESS:
5201 W. Kennedy Blvd.
Suite 450
Tampa, FL 33609
(813) 289-0690
(813) 289-0692 fax
(813) 579-9727 Direct
shook@litchfieldcavo.com

September 28, 2010

*Via E-Mail (skatz@butlerpappas.com)*

Scott S. Katz, Esquire
Butler Pappas Weihmuller Katz Craig LLP
777 S Harbour Island Blvd., Ste. 500
Tampa, Florida 33602

Re: *Jabil Circuit, Inc. v. Speedline Technologies, Inc.*
Case No. 8:09-cv-01596
Our File No.: 3006-1

Dear Scott:

What follows is a discussion of the issues that we believe exist regarding completion of discovery in this matter and with respect to your expert witness disclosures.

Issue 1: Making available heater samples for examination and testing by Dr. Ramsay

As indicated to you during our discussion on September 16, 2010, and in spite of the court's denial of Speedline's motion to extend discovery, we would like to press forward as soon as practicable with arranging both the non-destructive examination and destructive testing of the heater samples that are in the possession of your expert, SEA Ltd., utilizing the testing protocol forwarded to you on September 8, 2010. We are willing to incur the expense of having Dr. Ramsay travel to Tampa to conduct this examination at a laboratory of your expert's choosing as well as having your expert shadow Dr. Ramsay while he examines the samples and observe to the extent deemed necessary, the destructive testing performed to those samples. It is my understanding with respect to the destructive testing that the laboratory will be performing chemical analysis. We will share the results of that analysis and any materials generated by Dr. Ramsay with you, in advance of providing Dr. Ramsay's Rule 26 report. We understand that you will continue to oppose the designation and admissibility of this report but as discussed below, we are continuing to seek relief from the court regarding the designation of Dr. Ramsay and admission of his report.



Issue 2: Motion for Reconsideration of Order Denying Speedline's Motion to extend discovery/Renewed Motion to extend expert and non-expert discovery

As we read the court's order, we are required to make a showing of excusable neglect, which is only required to the extent that a motion is made after the deadline expires. The basis for the motion for reconsideration is the fact that the discovery deadline had not expired when the motion was made.

Additionally, we intend to inform the court that we believe your office, through an oversight, did not respond to an otherwise timely request to conduct certain non-expert depositions (list here). We specifically named the deponents, all of whom were local, on August 26, knowing that your office would be available one of the three dates of September 2, 3 or 7 that was not chosen to conduct the depositions of Steve Foumal and Frank Cross in Missouri. I specifically discussed this with Matt Peaire on August 25. I followed about this on August 27, after the September 7 date was chosen for the Missouri depositions. Inexplicably, no one from your office responded about scheduling these depositions until the afternoon of September 1, 2010, indicating that the deponents would not be made available because the requested deponents were no longer employees of Jabil. That same email offered dates after the discovery cut-off for those depositions. Then we received your September 2, 2010 email responding to my August 25, 2010 email which we understood withdrew the offer of those dates after the discovery cut-off. Additionally, despite the fact that your office indicated it would not be producing these witnesses, from our conversation on September 16, 2010, I understood you perceived a need to prepare these witnesses before they testify, suggesting you have some modicum of control over their appearance and could coordinate it, as I have done for Mr. Cross from Accu-Therm and Speedline's former employee, Tony Foster.

We now understand that there may have been scheduling issues regarding September 2 and 3, 2010 but those were not communicated to us and there was never any indication (other than your office's silence) that the request to schedule those depositions would not be accommodated on those dates. Please let me know if under these circumstances, which will be laid out in some detail in the forthcoming motion, you are willing to agree to schedule these depositions outside of the discovery cut-off and allow us to file an agreed motion for those depositions. I do not expect that we would require more than 2 days to conduct all 7 depositions and will subpoena the former employees for deposition.

With regard to extending the time frame for expert discovery, we will be making a showing to the court regarding my excusable neglect in scheduling time with Dr. Ramsay as well as Dr. Ramsay's schedule which was rather hectic through August. Given that we have not been able to come to an agreement on making the materials needed by Dr. Ramsay to complete his opinion in this matter, we will have to ask the court for time beyond October 1, 2010 to provide his Rule 26 report.

Issue 3: Plaintiffs' expert disclosures

We intend to file a motion to strike all of the experts designated and/or limiting their testimony to what is contained in the reports. The reports were served after the date established by the Scheduling Order. Additionally, the reports are not compliant with Rule 26. There is no information provided in the reports regarding the compensation paid to any of the experts as required by Fed. R. Civ. P. Rule 26(a)(2)(B)(vi). There are no written reports for multiple of the "experts". While we understand that some of these individuals may not be paid experts, identifying them as sources of potential expert testimony, without describing what that anticipated testimony does not satisfy the disclosure requirements.

With respect to the individuals who I understand to be your retained testifying experts (Germuska, Moylan, Stern), we do not believe that the reports satisfy the requirement of Rule 26(a)(2)(B)(i) the report contain a complete statement of all opinions the witness will express and the basis and reasons for the opinions. Much of what is set forth in those reports in conclusory in nature.

The reports for these three witnesses in some instances predate the filing of the lawsuit and certainly predate any discovery taken in this action. Since none of these experts will be basing their testimony on any information provided in discovery, we will seek an order precluding them from modifying their testimony beyond what is expressed in the reports and prohibiting them from offering any exhibits beyond what they have already identified.

With respect to the report offered by Uffman, you have not provided any information regarding his qualifications, prior testimony or publications.

Additionally, we believe that there are issues regarding the manner in which the reports by Germuska, Moylan and Stern identify the documents considered in preparation of their opinions. While we believe based upon the generic descriptions listed that we likely have most of the documents in question, because they do not cross-reference either parties' document productions in this case, it is impossible to make that determination.

I will be calling you shortly to discuss these issues in some detail to determine if there is any means of resolving these without court intervention. I look forward to speaking with you.

Very truly yours,

Lisa A. Oonk

LAO/lao