

SCOTT S. KATZ
skatz@butlerpappas.com

October 7, 2010

Electronic Mail & U.S. Mail

Lisa A. Oonk, Esq.
Litchfield Cavo, LLP
5201 West Kennedy Boulevard, Suite 450
Tampa, FL 33609

| | | |
|---|---|---|
| Re: | Insured: | Jabil Circuit, Inc. |
| | | St. Petersburg, Florida |
| | Index No.: | 39.42; Loss ID 62591 |
| | Account No.: | 1-33475 |
| | Claim ID No.: | 159366; Fire Damages of 04-Jul-2006 |
| | Our File No.: | 0260-0607018 |

Dear Lisa:

This letter follows our correspondence of October 1, 2010, and addresses the expert disclosure issues outlined therein. Please note, however, that this voluntary effort to respond to your concerns regarding the expert disclosure greatly exceeds, in many instances, the technical requirements of the Federal Rules of Civil Procedure. Nevertheless, we provide this additional information, in the spirit of cooperation.

I.   Compensation Paid to Plaintiffs' Specially Retained Experts:

You have requested compensation information from our specially retained experts. In response, we provide the following:

- The invoices for Mr. William Moylan/SEA, Ltd., and Mr. Moylan's Fee Schedule (attached hereto as Exhibit "A").

- The invoice for Dr. Elliot Stern/ Florida Forensic Engineering, Inc., and Dr. Stern's Fee Schedule (attached hereto as Exhibit "B").

RECEIVED OCT 0 8 2010 BY:____

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP
TAMPA • CHICAGO • CHARLOTTE • MOBILE • TALLAHASSEE • MIAMI

Tampa    777 South Harbour Island Blvd., Suite 500, Tampa, Florida 33602    Telephone: (813) 281-1900    Facsimile: (813) 281-0900
www.butlerpappas.com

- The invoice for Mr. Michael Germuska (attached hereto as Exhibit "C"). Please note, Mr. Germuska does not have a fee schedule, but his current rate is $250 per hour.

- The invoice for Mr. Eric Uffman/ Chemir Analytical Services, and Mr. Uffman's Fee Schedule (attached hereto as Exhibit "L"). However, we believe you may already possess this invoice, since your office shared in the expense for Chemir's work.

II.  Anticipated Opinion Testimony of Damages Witnesses:

Per my October 1, 2010 correspondence, please note the following:

- *Mr. Dominic Thurston, General Adjuster, FM Global:* Mr. Thurston was the General Adjuster from FM Global, who adjusted the subject claim. Mr. Thurston will testify as to FM Global's adjustment of the damages and claim at $6,117,444.17, and to FM Global's payment of the claim to its insured, Jabil Circuit, Inc., in the amount of $5,867,444.17.

- *Mr. Robbie Brannon, CPA, CFF, Meaden & Moore:* Meaden & Moore was retained by FM Global to help verify the subject insurance claim. Mr. Brannon will testify as to the amounts, calculations, and analysis used by Meaden & Moore to assist Mr. Thurston in FM Global's verification of Jabil's claim.

- *Mr. Zigmas Skvirblys, Burns Instar Services Group:* Burns Instar Services Group was retained to perform the smoke damage restoration to the Jabil facility. Mr. Skvirblys will testify to the processes used by Burns Instar Services Group to perform such restoration, and will testify that the total cost for these services was $251,620.

- *Mr. Kevin Sendker, Project Manager, Glendale Painting Corporation:* Glendale Painting Corporation was retained to repaint the damaged areas of the Jabil facility. Mr. Sendker will testify as to the work performed by Glendale Painting Corporation, and that the cost of such services was $41,241.60 (including accrued tax).

- *Mr. Donald Wilemon, Harris & Wilemon Salvors:* Harris & Wilemon Salvors were retained to take a complete inventory of Jabil's contents and equipment that were damaged by the subject fire. Harris & Wilemon were also retained to sell the salvaged equipment. Mr. Wilemon will testify as to the process used by Harris & Wilemon to inventory and sell the salvaged equipment. Further, Mr. Wilemon will testify that such salvaged equipment was sold for a total sum of $23,500, and that FM Global received net proceeds in the amount of $21,620.

- *Mr. Steve Mahoney, Belfor USA Group, Inc.:* The Belfor USA Group, Inc. ("Belfor") was retained for the restoration of the Jabil facility. Mr. Mahoney will testify as to Belfor's restoration efforts, and that the total cost for these services (with markup) was $257,364.43.

III.  Additional Documentation from Eric Uffman/ Chemir Analytical Services:

Per your request, we have attached, as Exhibit "K," a copy of Mr. Uffman's CV/Resume, a list of all other cases where Mr. Uffman has testified as an expert at trial or in deposition over the last four years; and Mr. Uffman's qualifications (including all publications authored over the past 10 years).

IV.  Identification and cross-reference to documents used in Expert Reports:

In an effort to identify and cross-reference the documents referenced and utilized by Mr. Moylan, Mr. Germuska and Dr. Stern in their respective expert reports, we have composed the following detailed synopsis:

- **Exhibit D: Report of Michael J. Germuska, PE, Inc., dated May 19, 2009**

1. *St. Petersburg Fire and Rescue Department report and photographs:*

This report was provided to Speedline in Plaintiffs' Disclosure of Expert Testimony, Exhibit "A," on August 26, 2010. Also, this was provided to Speedline as Plaintiffs' Exhibit "2" to the deposition of Investigator R.F. Henderson, dated March 31, 2010.

2. *The Speedline Electrovert Aquastorm Technical Manual for the subject washer:*

Material(s) provided to Plaintiffs by Speedline.

3. *The Speedline Technologies electrical and mechanical bill of material for an exemplar Aquastorm 200 washer, serial number RI-1101884-01:*

Material(s) provided to Plaintiffs by Speedline.

4. *The Knoll on Track compact disc (CD) containing the data recovered from the subject washer hard drive:*

Plaintiffs believe that Speedline was previously provided a copy of the subject "Kroll Ontrack" compact disc. If Speedline does not have such a copy, Plaintiffs will provide a copy of the compact disc upon Speedline's request. As you will recall, all parties received this information directly from Kroll Ontrack.

5. *The Chemir Analytical services report dated March 24, 2008:*

This report was provided to Speedline as Exhibit "A" to Plaintiffs' pre-suit demand package, dated June 1, 2009. Also, it was provided to Speedline in Plaintiffs' Disclosure of Expert Testimony, Exhibit "F," on August 26, 2010.

6. *The SEA, Ltd. report prepared by William T. Moylan, dated September 29, 2008:*

This report was provided to Speedline as Exhibit "B" to Plaintiffs' pre-suit demand package, dated June 1, 2009. Also, it was provided to Speedline in Plaintiffs' Disclosure of Expert Testimony, Exhibit "E," on August 26, 2010.

- Exhibit E: SEA, Ltd. Report prepared by William T. Moylan, dated Sept. 29, 2008

1. *Fire scene photographs taken on July 6, 2006 by William T. Moylan:*

We have requested this material from Mr. Moylan, and will provide to you upon receipt.

2. *Field notes and non-scale drawing of the Aquastorm unit prepared on July 6, 2006 by William T. Moylan:*

We have requested this material from Mr. Moylan, and will provide to you upon receipt.

3. *Videotape of the subject fire in progress:*

The videotape used by Mr. Moylan is the video footage that was taken by Plaintiff, Jabil's security cameras. Plaintiffs believe that they previously produced this video footage to Speedline. However, if Speedline does not have a copy of this videotape, Plaintiffs will provide a copy at Speedline's request.

4. *The St. Petersburg Fire Incident and Investigation Report, along with fire scene photographs:*

This report was provided to Speedline in Plaintiffs' Disclosure of Expert Testimony, Exhibit "A," on August 26, 2010. Also, it was provided to Speedline as Plaintiffs' Exhibit "2" to the deposition of Investigator R.F. Henderson, dated March 31, 2010.

- Exhibit G: Elliot L. Stern, PH.D., P.E., report dated September 28, 2009

1. *Complaint, Case 8:09-CV-01596-JDW-EAJ, 08/13/2009:*

9. *Sworn Statement of Artur Swiderski, August 16, 2006:*

The sworn statement of Artur Swiderski, dated August 16, 2006, was provided to Speedline in Plaintiffs' Response to Defendant's First Request for Production, Tab "I."

10. *Fire Report, National Fire Incident Reporting System, R.F. Henderson, St. Petersburg Fire and Rescue Department:*

This report was provided to Speedline in Plaintiffs' Disclosure of Expert Testimony, Exhibit "A," on August 26, 2010. Also, it was provided to Speedline as Plaintiffs' Exhibit "2" to the deposition of Investigator R.F. Henderson, dated March 31, 2010.

11. *Speedline System Footprint Drawing, Aquastorm 100, 3-0219-036-01-1 Rev. 6:*

Material(s) provided to Plaintiffs by Speedline.

12. *Photographs taken by Michael Germuska:*

The photographs were contained in Mr. Germuska's expert report, which was provided to Speedline as Exhibit "C" to Plaintiffs' pre-suit demand package, dated June 1, 2009. Also, this was provided to Speedline in Plaintiffs' Disclosure of Expert Testimony, Exhibit "D," on August 26, 2010. Further, all photographs in Plaintiffs' possession with regard to the subject loss, including all photographs taken by Michael Germuska, were provided to Speedline as Tab "C" to Plaintiffs' response to Speedline's First Request for Production, dated May 7, 2010.

13. *Photographs provided by counsel for Speedline:*

These photographs were provided by Speedline.

14. *Photographs taken by Dr. Prosser:*

These photographs were provided by Speedline.

15. *Photographs taken by Jabil (Chuck's and Troy's):*

All photographs in Plaintiffs' possession with regard to the subject loss, including all photographs taken by Jabil, were provided to Speedline as Tab "C" to Plaintiffs' response to Speedline's First Request for Production, dated May 7, 2010.

Our office emailed you a copy of the Complaint on August 14, 2009. The Complaint, as well as all other pleadings in this matter, are also available on the CM/ECF, electronic filing system of the U.S. District Court for the Middle District of Florida.

2. *Speedline Aquastorm 200 Operations Manual, Manual #3-9317-521-00-0, Revision 1, Electrovert Aquastorm 200, Aqueous Cleaning System, July 30, 1999:*

Material(s) provided to Plaintiffs by Speedline.

3. *Speedline Aquastorm 100 and 200 Installation Manual, Manual #3-9317-520-00-0, Revision 1, April 23, 1999:*

Material(s) provided to Plaintiffs by Speedline.

4. *Speedline Aquastorm 200 Instruction Manual, Manual pt. No.: 2-9316-621-00-0, December 17, 1996:*

Material(s) provided to Plaintiffs by Speedline.

5. *Speedline Preventive Maintenance Guide, Manual 3-9317-00-0, Revision 1, 11/30/2000:*

Material(s) provided to Plaintiffs by Speedline.

6. *Chemir Analysis Report, March 24, 2008 (analysis of plastic wall of washer water tank):*

This report was provided to Speedline as Exhibit "A" to Plaintiffs' pre-suit demand package, dated June 1, 2009. Also, it was provided to Speedline in Plaintiffs' Disclosure of Expert Testimony, Exhibit "F," on August 26, 2010.

7. *Sworn Statement of Larry Allen Madison, August 16, 2006:*

The sworn statement of Larry Allen Madison, dated August 16, 2006, was provided to Speedline in Plaintiffs' Response to Defendant's First Request for Production, Tab "I."

8. *Sworn Statement of Larry Fernandez, August 16, 2006:*

The sworn statement of Larry Fernandez, dated August 16, 2006, was provided to Speedline in Plaintiffs' Response to Defendant's First Request for Production, Tab "I."

16. *Demand for Payment letter June 1, 2009:*

This letter was mailed to your office on June 1, 2009.

17. *Commercial Fire Analysis, SEA, William T. Moylan, September 9, 2008:*

This report was provided to Speedline as Exhibit "B" to Plaintiffs' pre-suit demand package, dated June 1, 2009. Also, it was provided to Speedline in Plaintiffs' Disclosure of Expert Testimony, Exhibit "E," on August 26, 2010.

18. *Commercial Fire – Electrical Evaluation, Michael J. Germuska, P.E., Inc., January 19, 2009:*

This report was provided to Speedline as Exhibit "C" to Plaintiffs' pre-suit demand package, dated June 1, 2009. Also, it was provided to Speedline in Plaintiffs' Disclosure of Expert Testimony, Exhibit "D," on August 26, 2010.

19. *Report Letter, Frank Lombardo, LWG Consulting, Inc., March 21, 2009:*

Mr. Lombardo's Report Letter, dated March 21, 2009, was provided to Speedline as Exhibit "E" to Plaintiffs' pre-suit demand package, dated June 1, 2009. However, please see attached Report Letter (attached hereto as Exhibit "D"), composed by Mr. Frank Lombardo, dated March 21, 2009.

20. *Evidence investigation: 9/1/2009 located at SEA, 13930 Lynmar Blvd., Tampa, FL 33626 Speedline Electrovert, Type AS200, Ser#011879094, Date 3/00, 480V-3PH:*

Dr. Stern's observations from his investigation on 9/1/09 are detailed in his expert report, provided to you in Plaintiffs' Disclosure of Expert Testimony, Exhibit "G," on August 26, 2010.

21. *Photographs of exemplar Speedline Aquastorm 200's:*

Please see black and white copies of the photographs of the exemplar Aquastorm attached hereto as Exhibit "E." Color photographs are available and can be emailed to you upon request. Please also note that the exemplar photographs were also contained as Exhibit "3" to Dr. Stern's expert report, provided to you in Plaintiffs' Disclosure of Expert Testimony, Exhibit "G," on August 26, 2010.

22. *Speedline Technologies – Electrovert – Aquastorm website information:*

Please see attached printout of Aquastorm website (attached hereto as Exhibit "F"), and also see: http://www.speedlinetech.com/electrovert/aquastorm.aspx.

23. *Chromalox Immersion heaters technical and installation data (downloads from Chromalox website):*

Please see attached materials from Chromalox website attached hereto as Exhibit "G." Also, please see: www.chromalox.com.

24. *simona-america.com website, polypropylene products:*

See: www.simona-america.com/; and www.simona-america.com/index2.php?n=2.0.0.0.

25. *Mil-Std-882 Standard Practice for System Safety:*

Please see attached as Exhibit "H."

26. *Forensic Engineering Use of the Safety Hierarchy, Journal of the National Academy of Forensic Engineers, Vol. XXII No. 1, June 2005, pp61-74:*

Please see attached as Exhibit "I."

27. *Mil-H-22577C Military Specification- Heating Elements, Electrical: Cartridge, Strip and Tubular:*

Please see attached as Exhibit "J."

V.  <u>Mr. Frank Lombardo's "Report Letter," dated March 21, 2009:</u>

Mr. Lombardo's Report Letter, dated March 21, 2009, was previously provided to Speedline as Exhibit "E" to Plaintiffs' pre-suit demand package, dated June 1, 2009. However, please see attached Report Letter, composed by Mr. Frank Lombardo, dated March 21, 2009 (attached hereto as Exhibit "D").

We anticipate that the foregoing has addressed the expert disclosure issues adequately. However, if you do not believe you have all the necessary materials, please contact us immediately. As previously discussed, we have noted your concern with regard to Mr. Germuska, Mr. Moylan and Dr. Stern's reports being "conclusory." We again respectfully request that you outline more fully your concern. If proper, we are more than willing to provide you with additional details.

Further, as addressed in our October 1, 2010 correspondence, we would like to see the documents that you said we inadvertently disclosed. During our telephone conversation on September 30, 2010, you stated that you would be sending my office a copy of these "privileged" documents; however, we have not received them yet. Please forward them to us immediately, and we will notify you as to whether your concern is warranted.

If you wish to discuss these matters further, please feel free to call at your convenience.

Respectfully,

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP

Scott S. Katz

SSK/pmh/enc.
Enclosures provided by U.S. Mail only

cc:

W. Jay Swiatek, Esq.
Assistant Vice President and Counsel
FM Global
Post Office Box 7500
Johnston, RI 02919

Mr. Tom Rittenhouse
Jabil Circuit, Inc.
10560 Martin Luther King, Jr. St. North
St. Petersburg, FL 33716-3718